1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DINO DITTA, | ) **CASE NO. SA CV-13-00973-CJC** |
| Plaintiff, | ) **(AJWx)** |
| | ) |
| | ) **Judge Cormac J. Carney** |
| v. | ) **Courtroom 9B** |
| | ) |
| MENTOR GRAPHICS | ) |
| CORPORATION, an Oregon | ) **PROTECTIVE ORDER RE** |
| corporation; HENRY POTTS, an | ) **CONFIDENTIAL INFORMATION** |
| individual; and DOES 1 through 20, | ) |
| inclusive, | ) |
| | ) |
| Defendants. | ) *Complaint Filed:*     *May 20, 2013* |
| | ) *Complaint Removed:* *June 27, 2013* |
| | ) *Trial:*                   *Aug. 19, 2014* |

///
///
///
///
///
///
///

---

**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

Good cause exists for the Court to enter the following Protective Order Re. Confidential Information (the "Protective Order"). Plaintiff Dino Ditta ("Ditta") is the current President and CEO of DataTrax Incorporated, which has proprietary software products, and Ditta also works as a consultant on products and business activities for third parties in the software product industry. Defendant Mentor Graphics Corporation ("Mentor") manufactures and sells computer software that assists engineers in designing and fabricating complex electronic systems such as printed circuit boards and integrated circuits. Ditta and Mentor (collectively, "the parties") are thus both in the software industry and have highly sensitive business information. Ditta's former business, Router Solutions, Inc., the acquisition of which is at issue in this litigation, was a private business that did not report any financial information to the public. Moreover, Mentor and Ditta maintain confidential, proprietary and trade secret information relating to the software at issue in this litigation, as well as business plans, customer information, and financial information relating to their businesses and the software at issue. The broad dissemination of this confidential information can permanently and irreparably harm the parties' competitive standing by allowing competitors to use the information for business gain without the incidental expenditures and costly research required to independently create it. This unfair advantage is problematic to the discovery process in this action because each party, without a protective order in place, runs the risk of serious and irreparable harm to its business. The Ninth Circuit recognizes that dissemination of confidential business information is the "precise sort of information" which, if disclosed, would harm a litigant's competitive standing. *Electronic Arts, Inc. v. United States District Court*, Case No. 08-74426, 2008 U.S. App. LEXIS 22476, at *4-5 (9th Cir. Oct. 28, 2008).

The parties have jointly drafted this Protective Order and seek to have it entered by the Court to prevent harmful disclosure of the parties' confidential information while balancing the public's right to acquire information that properly falls outside the scope of the parties' protectable, confidential interests. The

1

**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

parties agree that the adoption and adherence to this Protective Order will facilitate an orderly and cost-effective discovery process and preparation for trial or settlement, and that the confidential information will not be used for any purpose that is not directly related to this litigation.  Therefore, good cause exists to enter this Protective Order to facilitate the mutual exchange of information without harming the competitive standing of the parties in the Action.

**IT IS HEREBY ORDERED:**

      1.     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the parties stipulate to and petition the Court to enter the following Protective Order, which shall govern the procedure for designating as confidential certain categories of documents and information produced in connection with discovery in this Action, including by non-parties, and shall define limitations on the use and disclosure of such confidential materials.  The parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal; the Local Rules of this Court set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

      2.     Any party who is required to produce documents or information in discovery in this case (hereafter referred to as the "producing party") may designate the material produced as "confidential" pursuant to this Protective Order. In doing so, the producing party represents that it has a bona fide belief that the document or information designated as "confidential" (a) constitutes trade secret, proprietary or commercial information which has been preserved or maintained in a manner reasonably calculated to preserve its confidentiality from the public, (b) is subject to a legally-protected right of privacy by the producing party,

2

including but not limited to any right of privacy created by or recognized under the United States Constitution, the California Constitution, any state or federal statute or case law, or (c) would reveal confidential research, development, financial, marketing, customer, personnel or other business information of the producing party or its clients.  (Documents and information within this category shall be referred to herein as "confidential material.")

At minimum, a producing party must designate those documents which he or it believes contain confidential material by (i) affixing to each such document the legend "CONFIDENTIAL" in a size and location(s) which makes the designation readily apparent; (ii) designating by Bates-stamp number; or (iii) describing by way of category or other unambiguous designation.  A "CONFIDENTIAL" designation also must be affixed to any documents produced in the course of this Action, including portions of briefs, memoranda or any other writings filed with the Court, which mention, discuss or comment upon any confidential material.

3.      With regard to the production of documents or information by any non-party to this Action, any party to this Action may designate all or any portion of such documents and information to be confidential material pursuant to this Protective Order by serving on all parties a specific designation, by Bates number to the extent possible, of the material claimed as "confidential" within thirty (30) days of receiving copies of the material.  In doing so, the designating party makes the same representation set forth in paragraph 2 with respect to confidential material.  Once designated as "confidential" the confidential material shall be treated in accordance with such designation for all purposes consistent with the terms of this Protective Order, and each party shall make certain that all such confidential material bears the "CONFIDENTIAL" legend pursuant to the requirements of this Protective Order.

4.      All copies, extracts, summaries, charts or notes (collectively, "Extracts") of any confidential material shall also constitute and be treated as

**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

confidential material as provided in this Protective Order.  Any person making Extracts or causing Extracts to be made of any confidential material shall make certain that all such Extracts bear the "CONFIDENTIAL" legend pursuant to the requirements of this Protective Order.

5.    Confidential material shall not be used for any purpose other than the prosecution or defense of this Action or as otherwise required by law.  The parties to this Action and their counsel shall take all diligent precautions to prevent the disclosure of any confidential material designated in this lawsuit to persons not authorized pursuant to this Protective Order.

6.    Confidential material designated in this Action may not be disclosed to any person unless the disclosure is authorized by the terms of paragraph 9 of this Protective Order.  In the event that additional persons become parties to or appear in this Action, neither the additional persons nor their counsel of record, in-house counsel, or any person acting on their behalf or retained to assist such additional persons, shall have access to any confidential material designated in this Action until such additional person's counsel of record has consented in writing to this Protective Order.  Each such additional person must obtain written consent of the parties hereto prior to entering into this Protective Order, which consent shall not be unreasonably withheld.

7.    Any document or information designated as confidential in this Action which is filed with the Court for any purpose shall be filed in a sealed envelope or other container marked on the outside with the caption of this Action and the following statement:

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"

If any person fails to file under seal any confidential material designated in this lawsuit, such person immediately shall contact the Court's clerk and arrange to have the confidential material designated in this lawsuit placed under seal.  The producing party may apply to have the confidential material designated in this

4

1   lawsuit placed under seal.

2          8.     The parties shall use their best efforts to include confidential material

3   designated as such in Court filings only when absolutely necessary, and shall, to

4   the extent possible, file redacted versions of sealed filings that redact any portions

5   of those filings that contain or reflect material designated as "confidential."  If an

6   application to seal is pending, any materials filed under seal shall remain under

7   seal and shall not be disclosed to any person other than Court personnel, counsel of

8   record who have agreed to this Protective Order, and any other person permitted

9   under the terms of this Protective Order to have access to the sealed materials, until

10  the Court has ruled on the application to seal.  A complete, unredacted set of

11  documents filed under seal shall be provided by the filing party to all other counsel

12  of record who have agreed to this Protective Order.

13         9.     Confidential material designated as "CONFIDENTIAL" shall be used

14  by the party receiving such information solely for purposes related to this

15  litigation and may be disclosed only to the following persons:

16             (a)     officers, directors, and employees of a party to whom it is

17  deemed necessary that the documents be shown for purposes of the Action,

18  provided that any such persons shall be advised before being provided the

19  confidential material that they are subject to the terms of this Protective Order;

20             (b)     inside and outside counsel for the respective parties, and their

21  respective partners, shareholders, associates, of counsel, law clerks, paralegals, and

22  secretaries engaged in work for such counsel to assist in this Action (collectively

23  "Counsel"); and any support staff and independent contractors (including outside

24  vendors such as photocopying services) assisting counsel in the prosecution or

25  defense of this Action;

26             (c)     experts or consultants retained for purposes of this Action

27  ("Retained Experts"), in accordance with the procedures set forth in paragraph 10

28  below;

**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

(d)     witnesses in the course of deposition, hearing, or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the confidential material is necessary, and any person being prepared to testify, where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his/her examination with respect to the confidential material is necessary in connection with such testimony; persons to whom confidential material is disclosed pursuant to this subparagraph may not be permitted to retain copies of the confidential material;

(e)     any person who authored the confidential material, or previously received the confidential material in the ordinary course of business;

(f)     court reporters, videographers, and persons preparing transcripts of depositions to whom disclosure is reasonably necessary for this Action;

(g)     the Court, Court personnel, and jurors or potential jurors; and

(h)     any other person upon order of the Court or upon stipulation of the producing party, in writing or on the record of a deposition, or at a hearing or trial.

10.     Counsel desiring to reveal information designated in this Action as "CONFIDENTIAL" to any Retained Experts shall secure from each such person, prior to disclosure of the confidential material, a signed "Acknowledgement and Agreement to Be Bound" ("Acknowledgement") stating that the person has read this Protective Order, understands its provisions, agrees to be bound thereby, and agrees to be subject to the jurisdiction of this Court for any proceedings relative to enforcement of this Protective Order.  The Acknowledgement shall be in the form attached to the Protective Order as Exhibit A.  Counsel shall retain all original signed Acknowledgements obtained pursuant to this paragraph and provide a copy to counsel for the designating party by email.  If the person to whom disclosure is to be made fails to sign the Acknowledgement despite reasonable attempts by

counsel to procure his or her signature, the confidential material shall not be provided to such person.  The lack of an executed Acknowledgement shall in no way limit the applicability of the Protective Order to such person.

Counsel desiring to reveal information designated in this Action as "CONFIDENTIAL" to any Retained Expert shall also deliver by email to counsel for the designating party, along with a copy of the Acknowledgement signed by the Retained Expert, a written disclosure providing the Retained Expert's name, current curriculum vitae, and a statement of whether counsel believes in good faith that the Retained Expert currently provides services, as an employee, independent contractor or consultant, to a competitor of the designating party.  The designating party shall have 10 court days from its receipt of this limited disclosure to move the Court for a protective order with respect to the provision of confidential material to the Retained Expert.  The confidential material shall not be provided to the Retained Expert until (1) the expiration of the 10 court days following the designating party's receipt of the limited disclosure provided in this paragraph, if no motion for protective order is filed, or (2) if a motion for protective order is timely filed, the Court's ruling on such motion in accordance with that ruling, unless the Court rules that disclosure to the Retained Expert is prohibited.

11.    This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after the termination of this Action and any appeals, subject to any subsequent modifications by the Court. The parties agree to cooperate in executing any additional documents, making any appearances, or taking any other actions as may be necessary to ensure the effectiveness of this paragraph.

12.    Whenever confidential material designated in this Action is to be discussed or disclosed in a deposition, the producing party may exclude from the room any person who is not authorized to see or to receive the confidential material pursuant to the terms of paragraph 9 of this Protective Order.

7

**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

13.     Any party wishing to designate as confidential deposition testimony or documents submitted as exhibits to a deposition may do so on the record during the deposition, or within thirty (30) days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person.  When deposition testimony or exhibits are designated as confidential during a deposition, the reporter and/or videographer shall bind and/or label the transcript or video recording in the manner described in paragraph 7 of this Protective Order.  Upon being informed within the 30-day period that certain portions of a deposition are to be designated confidential, each party must cause each copy in its custody or control to be so marked immediately.  It would not be a violation of this Protective Order if a disclosure of information is made by a party prior to the designation of confidentiality.  The parties shall cooperate to the extent reasonable and practical to segregate such confidential material into a separate document or transcript.

14.     Nothing in this Protective Order shall prohibit a party from disclosing confidential material designated in this Action to any person who was an author, addressee, or recipient of the information or document.

15.     Unless and until otherwise ordered by the Court or otherwise agreed by the parties, all documents and other discovery material designated "CONFIDENTIAL" shall be treated accordingly under this Protective Order.  Any party to this Action may object to the designation of any document or information as "CONFIDENTIAL" by serving a written objection on the designating party and all parties to this Action.  If the objecting party and the designating party are unable to resolve the objection in good faith, the objecting party may move the Court for an order with respect to the document or information by initiating preparation of a joint stipulation pursuant to Local Rule 37-2.2.  Completion and filing of the joint stipulation and any supplemental memoranda shall be as set forth in Local Rules 37-2.2 and 37-2.3.  The document or information shall be treated as

8

"CONFIDENTIAL," as designated, until the Court rules otherwise.  If no such motion is made, said document or information shall keep its classification.  In the event of a motion concerning this Protective Order, the Court shall have the discretion to award attorneys' fees to the party or parties prevailing on the motion. The designating party shall have the burden of proving that the document or information challenged is entitled to the confidentiality designation.

16.    In the event of any inadvertent disclosure of attorney-client privileged information or information subject to the attorney work product doctrine or any other privilege, the party making such inadvertent disclosure, after learning of such inadvertent disclosure, shall notify the party to whom the inadvertent disclosure was made; the party to whom the inadvertent disclosure was made shall then immediately return such material and all copies the party made thereof.  Also, in the event any party hereto receives any document from another party that upon its face is subject to the attorney-client privilege, attorney work product doctrine, or any other privilege, that party shall immediately return such document and all copies the party made thereof to the party who produced the document.

17.    Nothing in this Protective Order shall be construed as an admission or agreement by any party that any information designated hereunder as "CONFIDENTIAL" by other parties actually constitutes confidential information or proprietary information.  The production of confidential material pursuant to this Protective Order shall not be construed as a waiver of objections based on any grounds.  Nothing contained in this Protective Order shall preclude any party from objecting and refusing to comply with a production on any grounds or requesting additional protection with respect to documents and other information, including, but not limited to, further restrictions on disclosure, on any grounds.

18.    The procedures set forth herein shall not relieve a party of the necessity of making timely responses or objections to discovery requests. Notwithstanding anything to the contrary contained herein, all objections as to the

9

form and scope of discovery or to the admissibility of evidence subject to this Protective Order are reserved and are not waived in any respect by any terms of this Protective Order or by production of confidential material designated in this Action.  Accordingly, this Protective Order shall not be construed as a waiver of any right to object to the furnishing of documents and/or information in response to discovery based on any ground including, without limitation, that the information sought is privileged, protected from disclosure by third-party or other privacy rights, irrelevant, burdensome or otherwise nondiscoverable or inadmissible at trial or other proceedings in this Action.

19.     This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any proprietary information or trade secrets.  The fact that any document or information is disclosed, used, or produced in discovery or at trial herein shall not be admissible evidence in any action or proceeding before any court, agency, or tribunal on the issue of whether or not such document or information is confidential or proprietary.

20.     At the conclusion of this Action, including any appeals, all confidential material designated in this Action (including, without limitation, any copies, Extracts, or summaries thereof) shall be returned to the producing party within sixty (60) days; provided, however, that counsel shall be entitled to retain pleadings, memoranda, declarations or affidavits, or deposition transcripts that attach, contain, or refer to any confidential material, but only to the extent necessary to preserve a litigation file with respect to this case.  The terms of this Protective Order shall survive and continue to be binding on all affected persons after this matter is resolved unless otherwise ordered by a court of competent jurisdiction.  Each party's counsel shall provide to the other parties, within sixty (60) days of the conclusion of this Action, a declaration or affidavit attesting to compliance with this paragraph.

**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

21.     If, prior to a party's return of a producing party's confidential material, the producing party's material becomes the subject of a subpoena, discovery request or demand in any other proceeding of any kind, the party shall notify the producing party whose confidential material is subject to the demand within three (3) business days of receipt of the demand.  Notification shall be given by email and mail to the producing party's counsel of record in this case and shall include a copy of the demand.  The party to whom the demand is addressed shall not produce any of the producing party's confidential material for fourteen (14) days following receipt of the demand, to permit the producing party adequate opportunity to preserve the continued confidentiality of its confidential material.

10.     Nothing in this Protective Order shall limit any producing party's use of its own confidential material or shall prevent any producing party from disclosing its confidential material to any person.  Such disclosures shall not affect any confidential designation made pursuant to the terms of this Protective Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

11.     Mentor requested, and Ditta refused to agree to, the inclusion of an attorneys'-eyes-only provision in the Protective Order.  In the interest of moving forward with the pending production and avoiding a motion over the issue until absolutely necessary, Mentor agreed that this version of the Protective Order need not include such a provision.  The parties reserve the right to (1) move the Court to amend or modify this Protective Order at any time, including, without limitation, to include additional provisions for the handling and designation of highly confidential materials as "attorneys' eyes only," and (2) object and refuse to provide information in response to discovery requests seeking information that the responding party contends is highly confidential, until such time as the Court rules on the responding party's motion to amend or modify this Protective Order to include an attorneys'-eyes-only tier of protection, which motion shall be brought

**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

1    by the responding party within 10 court days of service of the responding party's
2    objections on such grounds.  This Court shall retain jurisdiction to make such
3    amendments, modifications and additions to this Protective Order as may be
4    agreed to by the parties or as necessary in the interests of justice.
5
6            **IT IS SO ORDERED.**
7
8            DATED: _____        12/19/2013
9
10                                                   The Honorable Andrew J. Wistrich
                                                     United States Magistrate Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

# **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order Re Confidential Information that was issued by the

United States District Court for the Central District of California on

_____ [date] in the case of *Dino Ditta v. Mentor Graphics Corporation*,

Case No. SACV-13-00973CJC (AJWx) (the "Order").  I agree to comply with and

to be bound by all the terms of the Order.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to the Order to any

person or entity except in strict compliance with the provisions of the Order.  I

further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of the Order,

even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**